FILED

2004 JUN 18 P 12: 45

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------X
JAMIE DROMERHAUSER,

     Plaintiff,

                         CIVIL ACTION NO.
                         3:01 CV0 1986 (AVC)

     -against-

EVERILDO REYES,

     Defendant
------------------------------------------------X    June 16, 2004


## OBJECTION TO PLAINTIFF'S MOTION TO VACATE JUDGMENT

The defendant, Everildo Reyes, respectfully objects to plaintiff's F.R.C.P. 60(b) Motion

for an Order vacating the Judgment of August 18, 2003, for the reasons that:     (a) there are no

exceptional circumstances established to justify opening the judgment, (b) the defendant will be

prejudiced by the granting of the motion, (c) the motion is untimely as judgment entered

approximately 10 months ago, and (d) plaintiff has improperly attempted this same motion twice.

Attached is a memorandum of law in support of this objection.

                      DEFENDANT

                      BY_____
                      Andrew S. Turret
                      Law Offices of Robert M. Brennan
                      265 Church Street, Suite #802
                      New Haven, CT 06510
                      Fed Bar #CT 07962
                      Tel. No: (203)624-9165

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed on June 16, 2004 by first class mail, postage prepaid to:

Robert M. Singer, Esq.
2572 Whitney Avenue
Hamden, CT 06518

_____
Andrew S. Turret

FILED

2004 JUN 18  P 12: 45

U.S. DISTRICT COURT
HARTFORD, CT.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-----------------------------------------------------X

JAMIE DROMERHAUSER,

        **Plaintiff,**

        -against-

EVERILDO REYES,

        **Defendant**

-----------------------------------------------------X

**CIVIL ACTION NO.
3:01 CV 1986 (AVC)**

**June 16, 2004**

## MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO PLAINTIFF'S MOTION TO VACATE JUDGMENT

### I. STATEMENT OF THE CASE:

    This case arises from an automobile accident that occurred on November 11, 2000, on

Route 15 in Trumbull, CT.  The plaintiff, Jamie Dromerhauser, commenced this action against

the defendant, Everildo Reyes, in the U.S. District Court for the Eastern District of New York on

June 21, 2001.  The action was then transferred to the U.S. District Court for the District of

Connecticut.  On August 18, 2003, this Court (Covello, J.) dismissed the case for failure to

comply with the Court's orders of January 17, 2003 and July 7, 2003, and on that same date the

Court entered Judgment on the dismissal.  On or about August 29, 2003, the plaintiff moved for

an order vacating the August 18, 2003 dismissal and for reconsideration.  The Court (Covello, J.)

ordered the return of the plaintiff's motion on September 3, 2003, because it was not filed in

THE LAW OFFICES OF ROBERT M. BRENNAN
265 CHURCH STREET, SUITE 802, NEW HAVEN, CT 06510-7014  •  (203) 624-9165  •  JURIS NO.  408308

compliance with the Local Rules of this Court, and because the plaintiff's counsel was not

authorized to practice before this Court. No appeal was taken from the judgment, and the

plaintiff failed to take further action to prosecute this case until filing a second motion in June,

2004, for an order vacating the August 18, 2003 dismissal.

Plaintiff's second motion to vacate the dismissal should be denied because: (a) there are

no exceptional circumstances established to justify opening the judgment, (b) the defendant will

be prejudiced by the granting of the motion, (c) the motion is untimely as judgment entered

approximately 10 months ago, and (d) plaintiff has improperly attempted this same motion twice.


## II.    ARGUMENT:

### A. Standard of Review:

When properly applied, Rule 60(b) "strikes a balance between serving the ends of justice

and preserving the finality of judgments." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986),

House v. Secretary of Health and Human Services, 688 F.2d 7, 9 (2d Cir.1982), Seven Elves, Inc.

v. Eskenazi, 635 F.2d 396, 401 (5th Cir.1981). Rule 60(b) "should be broadly construed to do

substantial justice, yet, final judgments should not be lightly reopened." Nemaizer, *supra* at 61,

*see also*, Seven Elves, *supra* at 401, Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th

Cir.1984). Rule 60(b) motions are generally only granted upon a showing of exceptional

circumstances. <u>Mendell v. Gollust</u>, 909 F.2d 724, 731 (2d Cir. 1990).

### B. Plaintiff Has Not Established Proper Grounds for Reopening the Judgment

The plaintiff does not specify under which provision of Rule 60(b) he is seeking relief,

however, relief is not proper under either 60(b)(1) or 60(b)(6). "[A] party cannot have relief

under Rule 60(b)(1) merely because he is unhappy with the judgment. Instead he must make

some showing of why he was justified in failing to avoid mistake or inadvert[e]nce. Gross

carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law."

<u>United States v. O'Neil</u>, 709 F.2d 361, 374 (5th Cir. 1983), citing 11 Wright & Miller § 2858 at

170. Likewise, "the broad power granted by [60(b)(6)] is not for the purpose of relieving a party

from free, calculated, and deliberate choices he has made. A party remains under a duty to take

legal steps to protect his own interests." <u>O'Neil</u>, *supra* at 373, quoting 11 Wright & Miller §

2864 at 214–15 (footnotes omitted). Claims of inadvertent mistakes, and confusion with respect

to out of state counsel's admission do not justify granting relief. <u>See Levine v Provident Life and

Accident Ins. Co.</u>, 1996 WL 684422 (D.Conn. 1996).

This motion should be denied as plaintiff has failed to evince any justification for relief

under 60(b). Likewise, waiting ten months before obtaining new counsel and filing the second

motion to vacate, is not an appropriate step to protect plaintiff's interests, and should not be allowed.

## C. **Plaintiff's Rule 60(b) Motion Was Not Timely**

The subject motion was untimely. A Plaintiff must file a Rule 60(b) motion within a reasonable time. The Second Circuit has made clear that the one-year limit provided by Rule 60(b) is an outside extreme, not an automatically available time in which to file the motion. Dulce v. Goldstein, 1987 WL 13922 (E.D.N.Y.), Foley v. United States, 645 F.2d 155 (2d Cir. 1981). In Ohliger v. United States, 308 F.2d 667 (2d Cir. 1962), the Second Circuit affirmed the denial of a motion to set aside a dismissal for failure to prosecute filed four months after the dismissal. Plaintiff's counsel attempted to justify his conduct by pleading ignorance of the rules of procedure, and the Court explained that "[s]urely this not the sort of 'excusable neglect' contemplated by Federal Civil Rule 60(b)…as grounds for vacating an adverse judgment." Id. The Court added, "Counsel's carelessness cannot be excused by this Court if it is to perform its obligation to other litigants whose cases are necessarily delayed by such conduct." Id. at 668. It was, therefore, "in the interest of efficient judicial administration" to deny the plaintiff's appeal.

In Cucurillo v. Schulte, Bruns Schiff Gesellschaft, M.B.H., 324 F.2d 234-5 (1963), the Second Circuit affirmed a District Court's denial of a plaintiff's motion to vacate and reconsider

a dismissal order that resulted from the plaintiff's failure to comply with pre-trial orders. The

Court found no abuse of discretion by the district judge, and quoted his memorandum opinion,

which stated that the "[p]laintiff has not presented any facts which constitute 'excusable neglect'

as contemplated by Rule 60(b)...and has waited over eight months before bringing this motion."

Id.

In the instant case, it would be inappropriate to excuse the carelessness and neglect of the

plaintiff's prior counsel at the expense of other litigants whose cases would be necessarily

delayed. To grant relief after such delay would clearly prejudice the defendant. The plaintiff

waited ten months to bring this motion, and now, it is clearly in the interest of efficient judicial

administration to deny the plaintiff's motion for relief.

**D. This Motion Should Be Barred Due To The Failure To File An Appeal**

This motion should be barred, as a Rule 60(b) motion may not substitute for a timely appeal. In re Morrow, 502 F.2d 520 (5th Cir.1974), United States v. O'Neil, 709 F.2d 361, 372 (5th Cir. 1983), Chick Kam Choo v. Exxon Corp., 699 F.2d 693, 695 (5th Cir.1983), Silas v. Sears, Roebuck & Co., Inc., 586 F.2d 382, 386 (5th Cir.1978), Rinieri v. News Syndicate Co., 385 F.2d 818, 822 (2d Cir.1967).

The appeal periods in Fed.R.App.P. 4 are mandatory and jurisdictional. Browder v. Director, Department of Corrections, 434 U.S. 257, 264 (1978). Rule 4 includes a means by which the period for appeal can be extended, and Rule 60(b) cannot be used to circumvent its procedures, which embody the significant principle of protecting the finality of judgments. O'Neil, *supra* at 372. This is particularly so...when the Rule 60(b) motion is made after the time for appeal has expired, and the movant neither complains of any denial of a full and fair hearing before the district court nor seeks by the motion to have the district court alter its ruling, but rather asks only that the order be vacated and reentered. Id. at 373. "In such a case the Rule 60(b) motion is avowedly being used only to extend the time for appeal. It hence squarely collides with rule 4(a)5." Id., *see* In re Morrow, *supra*, Chick Kam Choo v. Exxon Corp., *supra* at 696, Silas v. Sears, Roebuck & Co., Inc., *supra* at 386.

In O'Neil, the government sought 60(b) relief after it failed to take a timely appeal because it misinterpreted an adverse order. See O'Neil, *supra* at 373. The district court's denial of Rule 60(b) relief was upheld despite the finding of a good faith mistake. The appellate court stated that the failure to appeal or to inquire as to status of the order amounted to "a want of adequate care or ignorance of the rules." Id. at 374.

The plaintiff in the instant case filed neither an appeal nor an extension of time for appeal, and as such, the appeals period has long expired. Because a Rule 60(b) motion may not substitute for a timely appeal, and the plaintiff has not shown exceptional circumstances that warrant relief under Rule 60(b), the plaintiff's motion should be denied.

## III.    **CONCLUSION:**

For all of the foregoing reasons, the defendant, Everildo Reyes, respectfully requests that this Court deny the plaintiff's Rule 60(b) motion.

DEFENDANT

BY _____
Andrew S. Turret
Law Offices of Robert M. Brennan
265 Church Street, Suite #802
New Haven, CT 06510
Fed. Bar #CT 07962
Tel. No: (203) 624-9165

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, on June 16, 2004, by first class mail, postage prepaid, to:

Robert M. Singer, Esq.
2572 Whitney Avenue
Hamden, CT 06518

_____
Andrew S. Turret

Exhibit A

Westlaw.

1996 WL 684422
(Cite as: 1996 WL 684422 (D.Conn.))

Only the Westlaw citation is currently available.

United States District Court, D. Connecticut.

Barry B. LEVINE
v.
PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY.

No. CIV. 3:96CV528(AHN).

Sept. 23, 1996.

*RULING*

NEVAS, District Judge.

*1 On May 18, 1996, United States District Judge Dominic J. Squatrito granted, absent objection, defendant, Provident Life and Accident Insurance Company's ("Provident"), motion to dismiss Count 6 of the Complaint for failure to plead fraud with particularity pursuant to Rule 9(b), Fed. R. Civ. P. Plaintiff, Barry B. Levine ("Levine"), has moved pursuant to Rule 60(b), Fed. R. Civ. P., for relief from Judge Squatrito's dismissal of Count 6, or in the alternative, for leave to file an amended complaint. For the following reasons, Levine's Motion for Relief from Order, and in the alternative, for Leave to File an Amended Complaint [doc. # 15] is DENIED.

Rule 60(b) motions are left to the "sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell v. Gollust,* 909 F.2d 724, 731 (2d Cir. 1990), *aff'd,* 111 S. Ct. 2173 (1991). The movant must demonstrate that it will suffer extreme and undue hardship if relief is not granted. *Id.* at 731-32; *United States v. Cirami,* 563 F.2d 26, 30 (2d Cir. 1976); *Bortugno v. Metro-North Commuter R.R.,* 909 F.2d 674, 676 (2d Cir. 1990). Levine's claims of inadvertence, lack of notice of removal to federal court and confusion with respect to his *Pro Hac Vice* admission of out of state counsel do not justify

granting relief. *See Turquoise Reef Hotel, Ltd. v. Bowers & Sons, Inc.,* 1991 WL 172843, at *1 (D. Conn. July 15, 1991)(denying Rule 60(b) motion despite consideration of affidavits in which counsel admitted lying to client concerning response to default judgment); *Nemaizer v. Baker,* 793 F.2d 58, 62 (2d Cir. 1986) (stating "we have consistently declined to relieve a client ... of the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of court, or his inability to efficiently manage his caseload")(citations omitted). Thus, Levine's motion for relief from the order of dismissal is denied.

Because the court denies Levine's Rule 60(b) motion, his motion, in the alternative, to amend his complaint, must also be denied. Rule 41(b), Fed. R. Civ. P., governs the effect of involuntary dismissal of claims. According to Rule 41(b), unless a court specifies otherwise, any dismissal other than one for lack of jurisdiction, improper venue or failure to join a party, "operates as an adjudication on the merits." Res judicata precludes any subsequent action based on the same claim. *PRC Harris, Inc. v. Boeing Co.,* 700 F.2d 894, 896 (2d Cir. 1983); *Elfenbein v. Gulf & Western Industries, Inc.,* 590 F.2d 445, 449 (2d Cir. 1978)(per curiam). Accordingly, the court cannot grant Levine's motion to amend because his claim in Count 6 has already been adjudicated on the merits.

1996 WL 684422, 1996 WL 684422 (D.Conn.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works