FILED

2004 JUL -8 A 8:07

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------X
JAMIE DROMERHAUSER,

    Plaintiff,

                                       CIVIL ACTION NO.
                                       3:01 CV0 1986 (AVC)
    -against-

EVERILDO REYES,

    Defendant
-------------------------------------------------X    July 7, 2004

## OBJECTION TO PLAINTIFF'S MOTION TO VACATE JUDGMENT

The defendant, Everildo Reyes, respectfully objects to plaintiff's F.R.C.P. 60(b) Motion for an Order vacating the Judgment of August 18, 2003, for the reasons that:  (a) there are no exceptional circumstances established to justify opening the judgment, (b) the defendant will be prejudiced by the granting of the motion, (c) the motion is untimely as judgment entered approximately 11 months ago, and (d) plaintiff has improperly attempted this same motion twice. Attached is a memorandum of law in support of this objection.

                                              DEFENDANT

                                              BY_____
                                              Andrew S. Turret
                                              Law Offices of Robert M. Brennan
                                              265 Church Street, Suite #802
                                              New Haven, CT 06510
                                              Fed Bar #CT 07962
                                              Tel. No: (203)624-9165

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed on July 7, 2004 by first class mail, postage prepaid to:

Robert M. Singer, Esq.
2572 Whitney Avenue
Hamden, CT 06518

_____
Andrew S. Turret

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-------------------------------------------------------X
JAMIE DROMERHAUSER,

    Plaintiff,

-against-

EVERILDO REYES,

    Defendant
-------------------------------------------------------X

CIVIL ACTION NO.
3:01 CV 1986 (AVC)

July 7, 2004

### MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO PLAINTIFF'S MOTION TO VACATE JUDGMENT

## I. STATEMENT OF THE CASE:

This case arises from an automobile accident that occurred on November 11, 2000, on Route 15 in Trumbull, CT. The plaintiff, Jamie Dromerhauser, commenced this action against the defendant, Everildo Reyes, in the U.S. District Court for the Eastern District of New York on June 21, 2001. The action was then transferred to the U.S. District Court for the District of Connecticut. On August 18, 2003, this Court (Covello, J.) dismissed the case for failure to comply with the Court's orders of January 17, 2003 and July 7, 2003, and on that same date the Court entered Judgment on the dismissal. On or about August 29, 2003, the plaintiff moved for an order vacating the August 18, 2003 dismissal and for reconsideration. The Court (Covello, J.) ordered the return of the plaintiff's motion on September 3, 2003, because it was not filed in

compliance with the Local Rules of this Court, and because the plaintiff's counsel was not authorized to practice before this Court. No appeal was taken from the judgment, and the plaintiff failed to take further action to prosecute this case until filing a second motion on June 16, 2004, for an order vacating the August 18, 2003 dismissal. The June 16th motion was denied without prejudice for failure to comply with Conn. L. R. Civ. P. 7 (a) requiring a memorandum of law be filed in any motions involving disputed issues of law. Plaintiff re-filed her second motion to vacate with a memorandum of law dated June 28, 2004.

Plaintiff's second motion to vacate the dismissal should be denied because: (a) there are no exceptional circumstances established to justify opening the judgment, (b) the defendant will be prejudiced by the granting of the motion, (c) the motion is untimely as judgment entered approximately 10 months ago, and (d) plaintiff has improperly attempted this same motion twice.

## II.    ARGUMENT:

### A. Standard of Review:

When properly applied, Rule 60(b) "strikes a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986), House v. Secretary of Health and Human Services, 688 F.2d 7, 9 (2d Cir.1982), Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir.1981). Rule 60(b) "should be broadly construed to do

substantial justice, yet, final judgments should not be lightly reopened." Nemaizer, *supra* at 61, *see also*, Seven Elves, *supra* at 401, Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir.1984). Rule 60(b) motions are generally only granted upon a showing of exceptional circumstances. Mendell v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990).

### B. Plaintiff Has Not Established Proper Grounds for Reopening the Judgment

The plaintiff appears to be seeking relief under either 60(b)(1) or 60(b)(6), but relief is not proper under either provision. "[A] party cannot have relief under Rule 60(b)(1) merely because he is unhappy with the judgment. Instead he must make some showing of why he was justified in failing to avoid mistake or inadvert[e]nce. Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law." United States v. O'Neil, 709 F.2d 361, 374 (5th Cir. 1983), citing 11 Wright & Miller § 2858 at 170. Likewise, "the broad power granted by [60(b)(6)] is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests." O'Neil, *supra* at 373, quoting 11 Wright & Miller § 2864 at 214–15 (footnotes omitted). Claims of inadvertent mistakes, and confusion with respect to out of state counsel's admission do not justify granting relief. See Levine v Provident Life and Accident Ins. Co., 1996 WL 684422 (D.Conn. 1996).

This motion should be denied as plaintiff has failed to evince any justification for relief under 60(b). Likewise, waiting ten months before obtaining new counsel and filing the second motion to vacate, is not an appropriate step to protect plaintiff's interests, and should not be allowed.

## C. Plaintiff's Rule 60(b) Motion Was Not Timely

The subject motion was untimely. A Plaintiff must file a Rule 60(b) motion within a reasonable time. The Second Circuit has made clear that the one-year limit provided by Rule 60(b) is an outside extreme, not an automatically available time in which to file the motion. Dulce v. Goldstein, 1987 WL 13922 (E.D.N.Y.), Foley v. United States, 645 F.2d 155 (2d Cir. 1981). In Ohliger v. United States, 308 F.2d 667 (2d Cir. 1962), the Second Circuit affirmed the denial of a motion to set aside a dismissal for failure to prosecute filed four months after the dismissal. Plaintiff's counsel attempted to justify his conduct by pleading ignorance of the rules of procedure, and the Court explained that "[s]urely this not the sort of 'excusable neglect' contemplated by Federal Civil Rule 60(b)...as grounds for vacating an adverse judgment." Id. The Court added, "Counsel's carelessness cannot be excused by this Court if it is to perform its obligation to other litigants whose cases are necessarily delayed by such conduct." Id. at 668. It was, therefore, "in the interest of efficient judicial administration" to deny the plaintiff's appeal.

In <u>Cucurillo v. Schulte, Bruns Schiff Gesellschaft, M.B.H.</u>, 324 F.2d 234-5 (1963), the Second Circuit affirmed a District Court's denial of a plaintiff's motion to vacate and reconsider a dismissal order that resulted from the plaintiff's failure to comply with pre-trial orders. The Court found no abuse of discretion by the district judge, and quoted his memorandum opinion, which stated that the "[p]laintiff has not presented any facts which constitute 'excusable neglect' as contemplated by Rule 60(b)…and has waited over eight months before bringing this motion." <u>Id</u>.

In the instant case, it would be inappropriate to excuse the carelessness and neglect of the plaintiff's prior counsel at the expense of other litigants whose cases would be necessarily delayed. To grant relief after such delay would clearly prejudice the defendant. The plaintiff waited ten months to bring this motion, and now, it is clearly in the interest of efficient judicial administration to deny the plaintiff's motion for relief.

**D. This Motion Should Be Barred Due To The Failure To File An Appeal**

This motion should be barred, as a Rule 60(b) motion may not substitute for a timely appeal. In re Morrow, 502 F.2d 520 (5th Cir.1974), United States v. O'Neil, 709 F.2d 361, 372 (5th Cir. 1983), Chick Kam Choo v. Exxon Corp., 699 F.2d 693, 695 (5th Cir.1983), Silas v. Sears, Roebuck & Co., Inc., 586 F.2d 382, 386 (5th Cir.1978), Rinieri v. News Syndicate Co., 385 F.2d 818, 822 (2d Cir.1967).

The appeal periods in Fed.R.App.P. 4 are mandatory and jurisdictional. Browder v. Director, Department of Corrections, 434 U.S. 257, 264 (1978). Rule 4 includes a means by which the period for appeal can be extended, and Rule 60(b) cannot be used to circumvent its procedures, which embody the significant principle of protecting the finality of judgments. O'Neil, *supra* at 372. This is particularly so…when the Rule 60(b) motion is made after the time for appeal has expired, and the movant neither complains of any denial of a full and fair hearing before the district court nor seeks by the motion to have the district court alter its ruling, but rather asks only that the order be vacated and reentered. Id. at 373. "In such a case the Rule 60(b) motion is avowedly being used only to extend the time for appeal. It hence squarely collides with rule 4(a)5." Id., *see* In re Morrow, *supra*, Chick Kam Choo v. Exxon Corp., *supra* at 696, Silas v. Sears, Roebuck & Co., Inc., *supra* at 386.

In O'Neil, the government sought 60(b) relief after it failed to take a timely appeal because it misinterpreted an adverse order. See O'Neil, *supra* at 373. The district court's denial of Rule 60(b) relief was upheld despite the finding of a good faith mistake. The appellate court stated that the failure to appeal or to inquire as to status of the order amounted to "a want of adequate care or ignorance of the rules." Id. at 374.

The plaintiff in the instant case filed neither an appeal nor an extension of time for appeal, and as such, the appeals period has long expired. Because a Rule 60(b) motion may not substitute for a timely appeal, and the plaintiff has not shown exceptional circumstances that warrant relief under Rule 60(b), the plaintiff's motion should be denied.

### III.  CONCLUSION:

For all of the foregoing reasons, the defendant, Everildo Reyes, respectfully requests that this Court deny the plaintiff's Rule 60(b) motion.

DEFENDANT

BY _____
Andrew S. Turret
Law Offices of Robert M. Brennan
265 Church Street, Suite #802
New Haven, CT 06510
Fed. Bar #CT 07962
Tel. No: (203) 624-9165

## CERTIFICATION

    This is to certify that a copy of the foregoing was mailed, on July 7, 2004, by first class mail, postage prepaid, to:

Robert M. Singer, Esq.
2572 Whitney Avenue
Hamden, CT 06518

_____
Andrew S. Turret