UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Jamie Dromerhauser,  :
  Plaintiff,  :
               :
v.  :  Civil No. 3:01CV1986(AVC)
               :
Everildo Reyes,  :
  Defendant.  :

**RULING ON THE PLAINTIFF'S MOTION TO VACATE JUDGMENT**

This is an action for damages brought pursuant to common law tenets concerning negligence. The plaintiff, Jamie Dromerhauser, alleges that the defendant, Everildo Reyes, operated his motor vehicle in a negligent, reckless and careless manner causing him injury and damages.

On August 18, 2003, this court rendered judgment on its August 15, 2003 order dismissing the action for failure to comply with the court's orders.

On June 28, 2004, Dromerhauser filed the within motion for relief from judgment (document no. 27) pursuant to Fed.R.Civ.P. 60(b), arguing that relief will not prejudice the defendant, and because the plaintiff would be otherwise without a remedy, justice will be best served if the judgment is vacated.

The issue presented is whether the plaintiff's reason for failing to comply with the court's order warrants relief from judgment. For the reasons hereinafter set forth, the court concludes that relief from judgment is not warranted. Accordingly, the plaintiff's motion for relief from judgment (document no. 27) is DENIED.

## FACTS

The plaintiff, Jamie Dromerhauser, is a resident of Bay Shore, New York. The defendant, Everildo Reyes, is a resident of Stamford, Connecticut.

On November 16, 2000, Dromerhauser and Reyes were involved in an automobile accident. On June 21, 2001, Dromerhauser brought this action in United States District Court in the Eastern District of New York. On October 17, 2001, United States District Judge, Nina Gershon, ratified the parties' agreement to transfer the action to this court because the defendant resides in Connecticut and the plaintiff's cause of action arose in Connecticut.

On April 16, 2002, this court's clerk issued a notice to counsel ordering the parties to file a Form 26(f) report within 10 days of the order under penalty of dismissal of the complaint.

On April 30, 2002, this court granted the plaintiff's motion to stay the matter and directed the parties to submit a status report concerning mediation efforts by July 1, 2002. On July 8, 2002, this court issued an order compelling the parties to submit a joint status report within 15 days of receipt of the order under penalty of dismissal of the action.

On July 30, 2002, this court granted the parties' joint motion to stay the matter and directed the parties to submit a status report concerning the mediation by November 30, 2002. On

December 23, 2002, this court issued an order compelling the parties to submit a joint status report within 15 days of receipt of the order under penalty of dismissal of the action.

On January 16, 2003, this court granted the parties' joint motion to stay the proceedings and directed the parties to submit a status report concerning the mediation by June 13, 2003. On July 7, 2003, this court issued an order compelling the parties' to submit a joint status report within 15 days of receipt of the order under penalty of dismissal of the action.

On August 15, 2003, this court issued an order dismissing the case for failure to comply with the court's orders. On August 18, 2003, this court rendered judgment on its order dismissing the action for failure to comply with the court's orders. The plaintiff did not appeal the judgment.

On August 29, 2003, the plaintiff filed a motion for relief from the August 18, 2003 judgment. On September 3, 2003, this court returned the plaintiff's motion for relief from judgment because it was not filed in conformity with the Local Rules of this court and was not filed by an attorney authorized to practice law before this court.

On June 15, 2004, the plaintiff re-filed a notice of appearance of local counsel and another motion for relief from the August 18, 2003 judgment. On June 21, 2004, this court denied the plaintiff's motion without prejudice to its refiling

3

in accordance with Conn.L.R.Civ.P. 7(a).

On June 28, 2004, the plaintiff, again, re-filed the within motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b).

## DISCUSSION

Dromerhauser contends that justice will be best served and the defendant, Reyes, will not be prejudiced if the motion is granted. Specifically, Dromerhauser asserts that "due to error, the report [ordered by the court on July 7, 2003] was never properly filed," and because "there are two pending cases against the defendant Reyes, related to the same automobile accident," the defendant will not be prejudiced by the delay.

In response, Reyes maintains that the motion should be denied because the "plaintiff has failed to evince any justification for relief under 60(b)."

Federal Rule of Civil Procedure 60(b) states in pertinent part that:

> "[o]n motion and upon such terms that are just, the court may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment."

The Supreme Court of the United States, referring to Rule 60(b), stated that, "[t]o justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay. If a party is partly to blame

4

for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable." (Internal citations omitted) <u>Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380, 393 (1993).[1]

"The Supreme Court in <u>Pioneer</u> explained that the term 'neglect,' for purposes of interpreting 'excusable neglect' in the federal rules, has its normal, expected meaning: inadvertence, carelessness, and mistake. <u>See</u> 507 U.S. at 388, 113 S. Ct. at 1494." <u>Canfield v. Van Atta Buick/GMC Truck, Inc.</u>, 127 F.3d 248, 250 (2d Cir. 1997).

The Supreme Court has stated that the "excusable" requirement "will deter . . . parties from freely ignoring court-ordered deadlines in the hopes of winning a permissive reprieve under Rule [60(b)(1)]." <u>Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380, 395 (1993). The Court went on to state that, "[b]ecause Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant

---

[1] "Although <u>Pioneer</u> interpreted 'excusable neglect' in the context of Bankruptcy Rule 9006(b)(1), the Court analyzed that term as it is used in a variety of federal rules, including Rule 60(b)(1). <u>See</u> 507 U.S. at 393-94, 113 S. Ct. at 1497-98 . . . see also <u>United States v. Hooper</u>, 9 F.3d 257, 259 (2d Cir. 1993) (<u>Pioneer</u> "draws upon the use of ['excusable neglect'] in other federal rules," and nothing . . . limits its interpretation . . . to the Bankruptcy Rules.")." <u>Canfield v. Van Atta Buick/GMC Truck, Inc.</u>, 127 F.3d 248, 250 (2d Cir. 1997).

circumstances surrounding the party's omission." <u>Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380, 395 (1993). The Court provided examples of these circumstances including, ". . . the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." <u>Pioneer</u>, 507 U.S. at 395.

In <u>Canfield v. Van Atta Buick/GMC Truck, Inc.</u>, 127 F.3d 248, 249 (2d Cir. 1997), the district court had dismissed the complaint because the plaintiff "failed to forward the required 'responsive papers' to the defendant." The Second Circuit affirmed the district court's denial of the plaintiff's Rule 60(b) motion holding that "the district court did not abuse its discretion in determining that a finding of excusable neglect was unwarranted." <u>Canfield</u>, 127 F.3d at 251. The court cited, as reason for its decision, that "the language of [the order in question] [was] unambiguous . . . [and] [c]ounsel's failure to read and obey an unambiguous court rule . . . was not excusable. And the fact that counsel was preoccupied with his bid for public office does not alter this conclusion." <u>Canfield</u>, 127 F.3d at 251.

The Court reasoned that although, "a finding that the failure to comply with a filing deadline was excusable may in some circumstances be appropriate . . . , we do not believe that

the possibility that a court may find excusable neglect on such grounds alters the principle that *failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect.*" (Emphasis added) Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 250 (2d Cir. 1997).

In the present case, like Canfield, this court's July 7, 2003 order unambiguously stated that, "the parties shall submit a joint status report within 15 days of receipt of this order. Failure to do so may result in dismissal of the action." This court issued identical orders to the plaintiff on July 8, 2002 and December 23, 2002 with which the plaintiff successfully complied.

Regarding his failure to comply with the court's July 7, 2003 order, the plaintiff states that, "[d]ue to error, the report to the court was never properly filed." This explanation does not, however, "show 'extraordinary circumstances' suggesting that the party is faultless in the delay." Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 393 (1993). Relief cannot be granted, therefore, under Rule 60(b)(6). Fed.R.Civ.P. 60(b)(6).

The plaintiff's "due to error" explanation also does not illuminate any "relevant circumstances surrounding the party's omission." Pioneer, 580 U.S. at 395. The plaintiff has failed to identify any "reason for the delay, including whether it was

within [his] reasonable control . . . , and whether [he] acted in good faith." <u>Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380, 395 (1993). The plaintiff, therefore, has failed to identify any factual or legal basis under which relief from judgment is warranted.[2]

## CONCLUSION

For the foregoing reasons, Dromerhauser's motion for relief from judgment (document no. 27) is DENIED.

It is so ordered, this 11th day of August, 2004, at Hartford, Connecticut.

Alfred V. Covello
United States District Judge

---

[2] The defendant contends that granting the motion will prejudice him and the motion is untimely. As the court reaches its conclusion on other grounds it need not address these issues.